UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| FAIRHAVEN BEVERAGE COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | CAUSE NO. 3:10-CV-462 RL |
| v. | ) ) | |
| GULF STREAM COACH, INC., *et al.*, | ) ) | |
| Defendants. | | |

## REPORT AND RECOMMENDATION

On November 4, 2010, this matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) to conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for the disposition of Plaintiff's complaint. On January 24, 2011, Plaintiff filed a motion to withdraw Plaintiff's counsel. However, because Plaintiff is a corporation, it is not permitted to proceed without counsel. *See U.S. v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008) (noting that corporations are not permitted to appear *pro se*). Therefore, that motion was subsequently taken under advisement, and this Court ordered the Plaintiff to retain substitute counsel by February 24, 2011. After receiving no response, this Court issued an order to show cause directing Plaintiff to explain why it failed to comply with this Court's order and why its case should not be dismissed for failure to prosecute its claim. As of this date, Plaintiff has still not responded to this Court's initial order or the order to show cause, despite this Court's warning pursuant to *Timms v. Frank*, 953 F.2d 281, 285-86 (7th Cir. 1992) and *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982), that failure to do so may result in a dismissal of its case.

Under Fed. R. Civ. P. 41, a plaintiff's case may be dismissed for his failure to prosecute his claim or to comply with court orders. Plaintiff has failed to comply with two court orders,

and has provided no written documentation explaining its inaction. This Court can only assume that Plaintiff has abandoned its case. Consequently, for the aforementioned reasons, this Court **RECOMMENDS** that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations. Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

**SO ORDERED.**

Dated this 23rd day of August, 2011.

S/Christopher A. Nuechterlein  
Christopher A. Nuechterlein  
United States Magistrate Judge